TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER B. SCHWAB (Cal. Bar No. 283421)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
BENEDETTO L. BALDING (Cal. Bar No. 244508)
Assistant United States Attorney
Deputy Chief, International Narcotics,
 Money Laundering, and Racketeering Section
     1100/1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-1259/2274
     Facsimile: (213) 894-0141
     E-mail:    alexander.schwab@usdoj.gov
                benedetto.balding@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:18-00049-ODW-16 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Hearing Date: 7/6/2022<br>Hearing Time: 2:30 p.m. |
| EDGAR ANTONIO VERDUGO VALLES, | Location:    Ctrm. of the Hon.<br>              Otis D. Wright II |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Alexander B. Schwab and Benedetto L. Balding, hereby files its sentencing position relating to defendant Edgar Antonio Verdugo Valles ("defendant").

The government's position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the plea agreement, and any other evidence or argument

that the Court may wish to consider at the time of sentencing.  The government respectfully requests the opportunity to supplement its position or respond to defendant as may become necessary.

Dated: June 22, 2022                    Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

          /s/
ALEXANDER B. SCHWAB
BENEDETTO L. BALDING
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

The government recommends that defendant Edgar Antonio Verdugo Valles ("defendant"), who pleaded guilty to conspiracy to distribute and to possess with intent to distribute at least five hundred grams of a mixture or substance containing a detectible amount of methamphetamine, be sentenced to a low-end guidelines sentence of 46 months' imprisonment, followed by a five-year period of supervised release and a $100 special assessment, which is a sufficient, but not greater than necessary sentence given the circumstances in this case.

The government concurs with the United States Probation and Pretrial Services Office's ("USPO") guidelines calculation of defendant's criminal history category, base offense level, and role reduction; however, the government believes that defendant is safety valve eligible and, as such, a two-level reduction under U.S.S.G. § 2D1.1(b)(18) should be applied. With the safety valve reduction and acceptance of responsibility, defendant's guidelines range is 46-57 months' imprisonment. The government believes that defendant's characteristics and circumstances are sufficiently addressed by a low-end guidelines sentence of 46 months' imprisonment.

**II.  STATEMENT OF FACTS**

Defendant has admitted the following factual basis in his plea agreement (Dkt. 138, ¶ 13):

Beginning on an unknown date, and continuing to on or about January 31, 2018, in Los Angeles and San Bernardino Counties, within the Central District of California, and elsewhere, defendant conspired with others to knowingly and intentionally distribute and possess with intent to distribute at least five hundred grams of a

mixture or substance containing a detectable amount of methamphetamine.

From December 2013 to January 2018, defendant's co-conspirators attempted to transport at least 380 kilograms of methamphetamine internationally including from Mexico to the United States, Philippines, and Australia.  Although defendant lacked direct involvement in or knowledge of the events discussed in this paragraph, such events were within the scope of the conspiracy and were reasonably foreseeable actions taken in the course of the conspiracy.

As a member of the conspiracy, defendant occupied a comparatively minimal role and assisted in obtaining materials for co-defendant Miguel Angel Zamudio Gurrola ("M. Zamudio") and others to convert solvents and other materials into crystal methamphetamine. On June 19, 2014, co-defendant M. Zamudio sent a Blackberry message to defendant directing defendant to obtain metal cylinders to be used to convert methamphetamine in a laboratory.  Defendant responded that he had searched the Los Angeles area for such materials but was having difficulty finding such materials.  On June 25, 2014, co-defendant M. Zamudio passed defendant's phone number to another co-conspirator in furtherance of the conspiracy.  On June 30, 2014, in Pomona, California, defendant and co-conspirators were at a residence which was being maintained by co-defendant M. Zamudio for the purpose of manufacturing and distributing methamphetamine, a Schedule II controlled substance.  Inside the residence were solvents consistent with materials used to convert liquid methamphetamine to crystal methamphetamine, some of which defendant had obtained on behalf of co-defendant M. Zamudio.  On July 1, 2014, a co-conspirator sent a

Blackberry message to co-defendant M. Zamudio which, using coded language, informed co-defendant M. Zamudio that law enforcement had encountered defendant the day before.

### III. PLEA AGREEMENT AND PSR

#### A. Base Offense Level

In the plea agreement, the parties agreed to a Base Offense Level of 32, pursuant to U.S.S.G. § 2D1.1(a)(5), (c)(1) – namely, that the offense involved at least 45 kilograms of methamphetamine, but that defendant's eligibility for a role reduction under U.S.S.G. § 3B1.2(a) warranted a six-level decrease in the base offense level under U.S.S.G. § 2D1.1(a)(5). (Dkt. 138, ¶ 15.) The USPO reached the same conclusion. (Dkt. 144, ¶¶ 41-43.)

#### B. Role in the Offense

The parties agreed that defendant was entitled to a four-level reduction pursuant to U.S.S.G. § 3B1.2(a) based on defendant being a minimal participant in the overall conspiracy. (Dkt. 138, ¶ 15.) The USPO reached the same conclusion based on defendant's limited participation over a two-week period in a vast conspiracy lasting more than four years. (Dkt. 144, ¶¶ 47-48.)

#### C. Safety Valve and Other Factors

The parties also agreed that (1) defendant did not use violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (2) the offense did not result in death or serious bodily injury to any person; and (3) defendant was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise. (Dkt. 138, ¶ 16.) The USPO determined that defendant has no criminal history points. (Dkt. 144, ¶ 59.) In addition,

since the time the USPO issued the PSR, the government is satisfied defendant has fulfilled the fifth element of the safety valve. Accordingly, defendant has satisfied the elements of the safety valve under 18 U.S.C. § 3553(f), and that he is entitled to a two-level reduction pursuant to U.S.S.G. § 2D1.1(b)(18).

The government agrees with the USPO's recommendation that defendant's timely acceptance of responsibility warrants a three-level decrease under USSG § 3E1.1.[1] Finally, the government agrees with the USPO that defendant has a criminal history score of zero, resulting in a Criminal History Category of I. (Dkt. 144, ¶ 59.)

**IV. THE GOVERNMENT'S SENTENCING POSITION**

Based on the above calculations, the government maintains that, in accordance with the plea agreement, defendant's Total Offense Level is 23. The government concurs with the USPO that defendant's Criminal History Category is I. Thus, defendant's advisory guidelines range is 46-57 months' imprisonment. The government believes that 46 months' imprisonment, a five-year period of supervised release, and a $100 special assessment is a sufficient but not greater than necessary sentence that achieves the purposes set forth in 18 U.S.C. § 3553(a).

Considering the nature and circumstances of the offense, conspiring to distribute methamphetamine is a serious crime. A substantial sentence is also necessary for general deterrence. Defendant's minimal role compared to that of his co-conspirators is sufficiently accounted for in the Guidelines calculation based on the finding that he played a minimal role, both by reducing the base

---

[1] The government hereby moves for a one-level decrease pursuant to USSG § 3E1.1(b).

4

offense level six levels pursuant to U.S.S.G. § 2D1.1(a)(5) and a further four levels pursuant to U.S.S.G. § 3B1.2(a).

Defendant's history and characteristics do not excuse his criminal activity, but they do warrant a low-end sentence. (See Dkt. 144, ¶¶ 67-71.)

## V. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court impose a low-end sentence of 46 months' imprisonment followed by a five-year period of supervised release and a $100 special assessment.